IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONIQUE KELLY-ROBINSON | § § § | |
| Plaintiff, | § § | CIV. ACT. No. 3:21-civ-2270 |
| vs. | § § | |
| SPIRIT AIRLINES, INC. | § § | |
| Defendant. | § § § § | |

## NOTICE OF REMOVAL

Defendant Spirit Airlines, Inc. ("Spirit Airlines") removes this case to this Court.

## BASIS OF JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. § 1332 because the action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## STATE COURT ACTION

2. On August 11, 2021, Plaintiff commenced a civil action against Spirit Airlines in *Monique Kelly-Robinson v. Spirit Airlines, Inc.*, Cause No. DC-21-10683, 101st District Court, Dallas County, Texas.

3. Plaintiff is an individual residing in Dallas County, Texas. Plaintiff's Original Petition ¶ 4.

4. Spirit Airlines is a corporation incorporated in the State of Delaware with its principal place of business in Miramar, Florida, and with its corporate headquarters at 2800 Executive Way, Miramar, Florida 33025.

5. Complete diversity exists because Plaintiff is a citizen of Texas and Spirit Airlines is a citizen of Delaware and Florida.

6. Plaintiff seeks "monetary relief over $200,000 but not more than $1,000,000." Plaintiff's Original Petition ¶ 3.

7. While Plaintiff subsequently alleges that "the amount in controversy in this matter does not exceed $75,000.00" (*see id.*), notably Plaintiff states that she "fell and was seriously injured" and that she "suffered extensive and severe injuries" as a result of the alleged incident. Plaintiff's Original Petition ¶ 7.

8. Plaintiff later reiterates that she was "seriously injured" (*id.* ¶ 11) and seeks damages for: (1) past and future medical expenses; (2) past and future pain, suffering and mental anguish; (3) past and future physical impairment; (4) past and future physical disfigurement; and (5) past lost wages and future loss of earning capacity. *See* Plaintiff's Original Petition, ¶10.

9. Considering that Plaintiff seeks "monetary relief over $200,000 but not more than $1,000,000" and the severity of Plaintiff's alleged injuries, it is facially apparent that the damage claims exceed $75,000. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993).

10. Thus, based upon a preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

11. Furthermore, Plaintiff cannot show that it is "legally certain that [her] recovery will not exceed the amount stated in the state complaint." *See In re: 1994 Exxon Chemical Fire*, 558 F.3d 378, 387, 389-90 (5th Cir. 2009).

## REMOVAL PROCEDURE

12.  **Timeliness**: Plaintiff filed his state court lawsuit on August 11, 2021. Spirit was served on August 24, 2021. Spirit removed this case on September 23, 2021. Spirit's removal is timely because Spirit removed this case within 30 days after the earlier of Spirit's receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based; and service of the summons upon Spirit.

13.  **Jurisdiction**: Jurisdiction is based on diversity, 28 U.S.C. §1332.

14.  Spirit has filed a copy of this Notice of Removal in the state court action.

15.  In accordance with Local Rule 81.1, Spirit's Appendix in Support of its Notice of Removal contains the following:

    a.  A completed civil cover sheet;

    b.  A supplemental civil cover sheet;

    c.  An index of all documents that identifies each document and indicates the date that the document was filed in state court;

    d.  The docket sheet in the state court action;

    e.  Each document filed in the state court action, except discovery material; and

    f.  A completed certificate of interested persons.

WHEREFORE Defendant Spirit Airlines, Inc. respectfully requests that the above described action, now pending in the 101st District Court, Dallas County, Texas, Cause No. DC-21-10683 be removed to the United States District Court for the Northern District of Texas, Fort Worth Division, and for any other relief to which it is entitled.

Respectfully submitted,

/s/ Brett Myers
Brett L. Myers
Texas State Bar No. 00788101
Brett.myers@wickphillips.com
Jeffrey W. Hellberg, Jr.
Texas State Bar No. 00796738
Jeff.hellberg@wickphillips.com

WICK PHILLIPS GOULD & MARTIN LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: 214.692.6200
Telecopier: 214.692.6255

Jonathan DeMay *(pro hac vice to be filed)*
jdemay@condonlaw.com

CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: 212.490.9100

***ATTORNEYS FOR DEFENDANT SPIRIT AIRLINES, INC.***

## CERTIFICATE OF SERVICE

I certify that on September 23, 2021, a true and correct copy of Defendant's Notice of Removal was served on the following counsel of record electronically:

**PLAINTIFF:**
Girraud Stephens (e-service@daspitlaw.com)
Daspit Law Firm, PLLC
600 North Pearl Street, Ste. 2205
Dallas, Texas 75201
469-206-8210—tel
713-587-9086—fax

/s/ Brett Myers